**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANDY VALDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security[1],<br><br>　　　　Defendant. | Case No.: 1:24-cv-0026 JLT EPG<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S REQUEST TO AFFIRM, AND DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT<br><br>(Docs. 13, 17, and 19) |

Sandy Valdez seeks judicial review of a final decision denying her application for a period of disability and disability insurance benefits under Title II of the Social Security Act. (Docs. 1, 13.) Plaintiff asserts the ALJ erred in evaluating the record—including medical and testimonial evidence— and requests the matter remanded for further administrative proceedings. (*See* Doc. 13 at 2.) The Commissioner asserts the ALJ's analysis was proper, and substantial evidence supports the ALJ's findings. (Doc. 17 at 2, 16.) For the reasons set forth below, Plaintiff's appeal is denied and Commissioner's request to affirm is granted.

**I.     Decision of the ALJ**

The ALJ evaluated Plaintiff's application using the five-step sequential evaluation set forth in 20 C.F.R. § 404.1520. (Doc. 12-3 at 20-28.) First, the ALJ determined Plaintiff did not engage in

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Mr. Bisignano as the defendant in this suit.

1

substantial gainful activity after the alleged onset date of May 6, 2021. (*Id.* at 21.) Second, the ALJ found Plaintiff's severe impairments included "lumbar degenerative disc disease status post fusion, left knee status post partial joint replacement, and obesity." (*Id.*) The ALJ noted Plaintiff also had right hip pain, upper extremity numbness, depression, and anxiety. (*Id.* at 21-22.) However, the ALJ found these impairments were "nonsevere." (*Id.* at 22-3.)

At step three, the ALJ determined Plaintiff's impairments did not meet or medically equal a Listing. (Doc. 12-3 at 23-24.) Next, the ALJ found:

> [T] the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(b). The claimant is limited to occasional climbing ramps or stairs but never ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, crouch, crawl, or kneel. Additionally, the claimant must avoid concentrated exposure to extreme cold, vibration, and hazards such as moving machinery and unprotected heights.

(*Id.* at 24.) With the identified RFC, the ALJ determined at step four that Plaintiff was "capable of performing past relevant work as an accounting clerk as actually and generally performed." (*Id.* at 27; *see also id.* at 27-28.) In so finding, the ALJ considered the testimony of a vocational expert and the definition of the position in the *Dictionary of Occupational Titles*. (*Id.* at 28.) Therefore, the ALJ concluded Plaintiff was not disabled as defined by the Social Security Act. (*Id.*)

## II.     Issues Raised by Plaintiff

Plaintiff seeks remand for further proceedings, asserting the following: (1) the ALJ erred by residual functional capacity that "was not the same as any hypothetical given to the vocational expert," including environmental limitations and exposure cold, vibration, and hazards; (2) the ALJ "failed to properly analyze [Plaintiff's] subjective symptom testimony"; (3) the ALJ "improperly used activities of daily living to attack [her] credibility in the subjective symptom analysis"; (4) the ALJ did not properly address Plaintiff's obesity; and (5) the ALJ did not "employ the *de minimus* standard for finding claims non-severe at Step Two." (Doc. 13 at 2 [emphasis omitted]; *see also* Doc. 13-1 at 3-14.) Plaintiff asserted these "errors were outcome determinative and the case should be remanded back to Social Security." (Doc. 13-1 at 14 [emphasis omitted].)

## III.    Findings and Recommendations

The magistrate judge found Plaintiff failed to show the ALJ erred at Step Four in evaluating

Plaintiff's past relevant work. (Doc. 19 at 2-5.) The magistrate judge found:

> Contrary to Plaintiff's contention, the ALJ did not overlook the environmental limitations in her step four analysis. Rather, the ALJ expressly acknowledged in her decision that the RFC contained "environmental limitations that were not presented to the vocational expert at the hearing," but the ALJ stated that "according to the DOT, the position of accounting clerk does not have exposure to the environmental conditions such as extreme cold, vibration, and hazards."

(Doc. 19 at 4, quoting AR 25 [Doc. 12-3 at 28].) In addition, the magistrate judge reviewed the *Dictionary of Occupational Titles* and confirmed the "listing does not include the environmental limitations assessed in Plaintiff's RFC." (*Id.*, citing DICOT 216.482-010 Accounting Clerk, 1991 WL 671933 (Jan. 1, 2016).) Consequently, the magistrate judge determined that "even if the ALJ erred by omitting the RFC's environment limitations in the hypotheticals posed to the vocational expert, any error was harmless." (*Id.*)

Next, the magistrate judge found that "the ALJ provided findings sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit Plaintiff's testimony." (Doc. 19 at 8 [modifications adopted, citation omitted].) The magistrate judge determined that the ALJ "reasonably determined that the medical evidence, which generally showed self-reported and objective improvement, was inconsistent with Plaintiff's allegations of disabling physical limitations." (*Id.*) In addition, the magistrate judge found "the ALJ made a reasonable determination that Plaintiff's daily activities, as reported in her physical therapy and other post-surgical treatment records, were inconsistent with her hearing testimony." (*Id.*) Therefore, the magistrate judge found Plaintiff did not show error by the ALJ in addressing her subjective complaints. (*Id.* at 5-9.)

The magistrate judge also found "no error in the ALJ's treatment of Plaintiff's obesity." (Doc. 19 at 10.) Specifically, the magistrate judge observed that "the ALJ found Plaintiff's obesity was a severe impairment at step two," and "determined that Plaintiff's obesity, either alone or in combination with Plaintiff's other impairments, did not meet or medically equal a listing" at step three. (*Id.* at 9.) Further, the magistrate judge found the ALJ limited Plaintiff to "'a reduced range of sedentary exertion' due to the 'combination of Plaintiff's obesity and musculoskeletal impairments.'" (*Id.* at 9-10, quoting AR 25 [Doc. 12-3 at 26], cleaned up.) The magistrate judge also observed that Plaintiff did not identify any functional limitations due to her obesity that she believed the ALJ should have included in the

RFC. (*Id.* at 10.) Thus, the magistrate judge found Plaintiff failed to show the ALJ erred addressing her obesity. (*Id.*)

Finally, the magistrate judge noted that Plaintiff argued "the ALJ erroneously determined that her right hip pain, upper extremity numbness, depression and anxiety were non-severe impairments." (Doc. 19 at 10.) The magistrate judge found the ALJ properly evaluated Plaintiff's mental impairments using the "Paragraph B" criteria, and substantial evidence supported the ALJ's analysis regarding the identified impairments. (*Id.* at 11-12.) The magistrate judge also observed that "Plaintiff does not identify any evidence that the ALJ failed to consider or otherwise explain why the record does not support the ALJ's step two findings." (*Id.* at 12.) Consequently, the magistrate judge determined Plaintiff did not show any error at this step of the sequential evaluation. (*Id.*)

The magistrate judge recommended the Court deny Plaintiff's motion for summary judgment, grant the Commissioner's request to affirm the administrative decision, and enter judgment in favor of the Commissioner. (Doc. 19 at 12.)

**IV.     Objections and Reply**

Plaintiff requests the Court decline to adopt the Findings and Recommendations and grant her motion for summary judgment. (Doc. 20 at 2.) Initially, Plaintiff indicates that she "reserves the right to raise any of the previous arguments raised" in her memorandum of points and authorities to support the request for remand "should this case have any further appeals and incorporates her arguments into this objection." (*Id.* [emphasis omitted].) Plaintiff then indicated, "For the purpose of this objection Plaintiff presents arguments as to what she believes are the primary issues with the [Findings and Recommendations]." (*Id.*)

Plaintiff indicates that she disagrees with the magistrate judge's "failure to find error with the ALJ's review of the subjective symptoms." (Doc. 20 at 3 [emphasis omitted].) Plaintiff observes that the Ninth Circuit determined that an ALJ must "link the testimony they found not credible with the evidence from the record that contradicted the testimony." (*Id.*, citing *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). Plaintiff notes that in *Brown-Hunter*, the Ninth Circuit also found "the ALJ erred because a specific linkage between the testimony and evidence was not provided." (*Id.*, citing *Brown-Hunter*, 806 F.3d 487, 494-95 (9th Cir. 2015).) Plaintiff argues that the ALJ did not identify

4

what testimony she found was inconsistent with the medical evidence, and thus "commit[ted] "the exact error that was overturned in *Lambert*." (*Id.* at 5.)

According to Plaintiff, the magistrate judge also erred in finding the ALJ properly evaluated her daily activities. (Doc. 20 at 5.) Plaintiff argues that the magistrate judge "does not address the two issues raised by the Plaintiff in her brief, namely that the ALJ Opinion does not apply the 9th Circuit law that in order to rely on daily activities, those activities need to contradict the claimant's other testimony, and those activities need to be transferable to a work setting." (*Id.* at 6.) Plaintiff contends, "Neither the ALJ Opinion nor the R&R even mention transferable skills nor do they discuss the extent that the Plaintiff could perform those activities." (*Id.*) Plaintiff concludes this "is a clear error" that warrants remand. (*Id.*)

The Commissioner filed a response to the objections, asserting they "have no merit." (Doc. 21 at 1.) The Commissioner notes Plaintiff does not object to the magistrate judge's analysis "relating to ALJ's findings (1) at step two as to the severity of Plaintiff's medically determinable impairments, (2) at step four that Plaintiff could perform her past relevant work with her residual functional capacity, and (3) as to Plaintiff's obesity," and asserts the Court should adopt these findings. (*Id.* at 2.) The Commissioner contends, "the ALJ reasonably discounted Plaintiff's subjective symptom testimony on the basis of objective and self-reported improvement in her alleged physical impairments, among other inconsistencies." (*Id.*) In addition, the Commissioner argues there are two grounds for using daily activities to assess testimony, including whether the activities contradicted Plaintiff's testimony and whether the activities meet the threshold for transferable work. (*Id.* at 3.) Towards this end, the Commissioner argues the test was satisfied "because the ALJ found that the daily activities reported in physical therapy records[] were inconsistent with Plaintiff's hearing testimony, and this finding was a reasonable one…" (*Id.* at 3-4.) Therefore, the Commissioner concludes the Court should adopt the Findings and Recommendations. (*Id.* at 4.)

**V.   Discussion**

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations..." 28 U.S.C. § 636(b)(1). If a party files objections, "the court shall make a determination of those portions of the report or specified proposed finding or recommendations to

5

which objection is made." *Id.*  A *de novo* review requires the Court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

### A. Findings to which specific objections are not raised

As an initial matter, Plaintiff states specific objections only as to the findings of the magistrate judge related to the analysis of Plaintiff's subjective complaints.  (*See generally* Doc. 20.)  Plaintiff purports to reserve her right to raise arguments on appeal regarding the remaining issues identified her motion for summary judgment—including related to the nonsevere impairments, her obesity, and the ALJ's reliance upon vocational resources— and "incorporates her arguments into this objection." (Doc. 20 at 2.)  However, the reservation of rights and incorporating prior arguments is insufficient to invoke a *de novo* review of the issues by the district judge.

Objections to any findings and recommendations must be "specific."  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1); *see also Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) (general objections do not preserve arguments for appellate review and stating that "[a] district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate judge's report"); *Kenneth V. v. O'Malley*, 2024 WL 5102879, at *3 (S.D. Cal. Aug. 26, 2024) (finding a plaintiff did not properly make objections where the plaintiff "attempt[ed] to raise the same arguments that were already raised … for a second bite at the apple"); *Pete v. U.S. Dep't of Treasury*, (E.D. Tex. July 11, 2025) ("An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific").  As the Ninth Circuit indicated, the Court "will not manufacture arguments" for parties.  *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).  Nevertheless, the Court performed a *de novo* review of the arguments related to the ALJ's step two analysis, Plaintiff's obesity, and the ALJ's reliance upon the vocational resources, including the vocational expert and the *Dictionary of Occupational Titles*.  The findings of the magistrate judge related to these issues supported by the record and proper analysis.

### B. Analysis of Plaintiff's subjective statements

To evaluate a claimant's statements regarding the severity of his symptoms, an ALJ must determine first whether objective medical evidence shows an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504

F.3d 1028, 1035-36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if there is no evidence of malingering, the ALJ must set forth clear and convincing reasons for rejecting subjective complaints. *Id.* at 1036. An ALJ may consider many factors to assess a claimant's statements, including, for example: (1) the objective medical evidence, (2) the claimant's reputation for truthfulness, (3) inconsistencies in testimony or between testimony and conduct, (4) the claimant's daily activities, (5) an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment, and (6) testimony from physicians about the nature, severity, and effect of the symptoms of reported by a claimant. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *see also Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). It is undisputed that the ALJ considered inconsistencies with Plaintiff's statements and the medical records and Plaintiff's level of activity in evaluating the subjective statements. However, the parties dispute whether these constitute clear and convincing reasons to support the rejection of Plaintiff's subjective statements.

                1.      Objective medical evidence

In general, "conflicts between a [claimant's] testimony of subjective complaints and the objective medical evidence in the record" can be a clear and convincing reason to reject a claimant's subjective testimony. *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). The Ninth Circuit explained, "[w]hile subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *see also Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis"). Because the ALJ did not base the decision solely on the fact that the medical record did not support the degree of symptoms alleged by Plaintiff, the objective medical evidence was a relevant factor in evaluating her subjective complaints.

However, if an ALJ cites the medical evidence, it is insufficient for the ALJ to make a general finding that the record contradicts the testimony. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). Instead, an ALJ must identify "what testimony is credible and what evidence undermines the claimant's complaints." *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006). Towards this end,

7

unless the ALJ links the claimant's testimony to the medical record summary, the summary is insufficient to reject subjective statements. *Brown-Hunter*, 806 F.3d at 493; *see also Lambert*, 980 F.3d at 1277 (finding the ALJ erred by "offering non-specific conclusions that Lambert's testimony was inconsistent with her medical treatment"). In addition, district court may not review an ALJ's summary of the record to itself establish a link between a claimant's testimony and the record. In *Brown-Hunter*, the claimant argued the ALJ failed to provide clear and convincing reasons for rejecting her symptom testimony. *Id.*, 806 F.3d at 491. The district court identified inconsistencies in the ALJ's summary of the medical record that it opined gave rise to reasonable inferences about the plaintiff's credibility. *Id.* On appeal, the Ninth Circuit determined the ALJ failed to identify the specific testimony she found not credible and did not link that testimony to support the adverse credibility determination. *Id.* at 493. The Court explained that even if the district court's analysis was sound, the analysis could not cure the ALJ's failure. *Id.* at 494.

In contrast to *Brown-Hunter* and *Lambert*, the ALJ sufficiently carried the burden to link Plaintiff's subjective statements to the record. For example, the ALJ found: "The claimant testified the only benefit of her back surgery is being able to stand straighter, but this is generally inconsistent with the evidence showing significant improvement, especially in pain." (Doc. 12-3 at 24-25, citations omitted.) Likewise, the ALJ determined: "The claimant testified she would be unable to work because of chronic pain in her back and knee. However, the medical evidence indicates the claimant's pain improved greatly following back surgery and … the claimant was very pleased with the result of her left knee arthroplasty." (*Id.* at 26s, citation omitted.) Although the link between Plaintiff's statements and the record may be minimal, the ALJ's analysis is sufficient to show the ALJ considered Plaintiff's testimony while discussing the medical record, and the ALJ carried the burden to identify evidence that contradicted the testimony. *Compare with Holcomb v. Saul*, 832 Fed. App'x. 505, 506 (9th Cir. Dec. 28, 2020) (finding no link where "the ALJ never mentioned [the claimant's] symptom testimony while discussing the relevant medical evidence"). Plaintiff's assertion of error on this ground is unavailing.

### 2.    Plaintiff's activities

A claimant's level of activity may support an ALJ's determination to give less weight to her subjective statements. When a claimant spends a substantial part of the day "engaged in pursuits

8

involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (citing *Fair*, 885 F.2d at 603). In addition, the Ninth Circuit determined that a claimant's activities may be used to support an adverse credibility determination where the capabilities contradict the severity of the symptoms reported. *See, e.g., Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008). Thus, the Ninth Circuit determined a claimant's level of activity can form the basis for an ALJ to discount subjective statements where: (1) the activities contradict a claimant's testimony *or* (2) the level of activity "meet[s] the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

Importantly, the Ninth Circuit clearly indicated that there are "*two* grounds for using daily activities to form the basis of an adverse credibility determination." *Orn*, 495 F.3d at 693. When an ALJ finds the claimant's level of activities contradicts her testimony, the ALJ is not required to also find that the level of activity is transferable to work. Rather, these are separate considerations. *Id.*; *see also Stubbs-Danielson*, 539 F.3d at 1175 ("where ... activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment); *see also Valentine*, 574 F.3d at 693 (finding the ALJ identified "a clear and convincing reason to reject [the claimant's] subjective testimony" where the level of activity "contradicted [his] contentions about how debilitating his fatigue was"). As the magistrate judge found, "the ALJ made a reasonable determination that Plaintiff's daily activities, as reported in her physical therapy and other post-surgical treatment records, were inconsistent with her hearing testimony." (Doc. 19 at 8.) Plaintiff's objection that the ALJ was *also* required to find her activities rose to the level of transferable to work (Doc. 20 at 6) is unsupported by established law.

### 3. Conclusion

The ALJ carried the burden to identify clear and convincing reasons to reject Plaintiff's subjective complaints and set forth findings "sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).

## VI. Order

According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of this case. Having carefully reviewed the entire matter—including Plaintiff's objections and the Commissioner's response thereto—the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations (Doc. 19) are **ADOPTED** in full.
2. Plaintiff's motion for summary judgment and request for remand (Doc. 13) are **DENIED**.
3. Defendant's request to affirm the administrative decision (Doc. 17) is **GRANTED**.
4. The Clerk of Court is directed to terminate any pending motions; enter judgment in favor of defendant Frank Bisignano, Commissioner of Social Security, and against Plaintiff Sandy Valdez; and to close this case.

IT IS SO ORDERED.

Dated: **August 12, 2025**

_____
UNITED STATES DISTRICT JUDGE